IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH WAYNE HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-454-WKW |
| ) | [WO] |
| J. C. GILES, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is Plaintiff's Motion for Temporary Restraining Order ("TRO"). (Doc. # 39.) Plaintiff is an inmate at JO Davis Correctional Facility in Atmore, Alabama. He alleges that Defendants have retaliated against him, but fails to specify how, because he notified the court "concerning the access and 'no library' matter." (Doc. # 39, at 2.) He moves for a TRO requiring Defendants to give him and other JO Davis inmates "access to a library at all time[s] without any obstruction to the access . . . ." (Doc. # 39, at 2.)

A temporary restraining order may be issued without notice only if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order also requires the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are present.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).[1]

Plaintiff has not demonstrated the requirements for Rule 65(b) relief.  First, he has not shown or argued that he will suffer immediate and irreparable injury if Defendants are given an opportunity to respond to the motion.  Second, he has not demonstrated that a TRO is necessary to prevent irreparable injury.  Third, he has not certified in writing any reason why notice should not be required.  In fact, the certificate of service represents that a copy of Plaintiff's TRO motion has been served on counsel for Defendants by deposit with the United States Postal Service.  Fourth, Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Accordingly, it is ORDERED that Plaintiff's Motion for Temporary Restraining Order (Doc. # 39) is DENIED.

DONE this 6th day of November, 2012.

                                      /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999).