IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH WAYNE HENDRIX, #208777, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-454-WKW |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Kenneth Wayne Hendrix ["Hendrix"], a state inmate, in which he alleges that a correctional officer subjected him to excessive force on April 5, 2010, during his incarceration at the Ventress Correctional Facility and maintains he was harassed when leaving the law library a couple of weeks later.[1]  The defendants filed a special report and supporting evidentiary materials addressing the claims raised by Hendrix.  In addition, on November 5, 2012, the defendants filed a response to a motion filed by Hendrix regarding his lack of access to a law library, in which the defendants assert "J. O. Davis does have a law library. This facility also has law books and working computers." *Exhibit A to the Response (Aff. of Warden Cynthia White) - Doc. No. 40-1* at 1.

---

[1] Hendrix is now incarcerated at the J. O. Davis Correctional Facility.

On November 5, 2012, Hendrix filed a motion for temporary injunctive relief in which he challenges the constitutionality of the access to legal materials he is currently provided at the J. O. Davis Correctional Facility and alleges that officers have retaliated against him for seeking access to a law library. *Doc. No. 39*. The court construes this document to contain a motion for preliminary injunction. Upon review of this motion, the objective evidentiary materials contained in the record, and this court's order denying Hendrix's motion for temporary restraining order based on the same grounds for relief, the court concludes that the motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Hendrix demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an

extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)."  *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

In denying Hendrix's request for a temporary restraining order, this court determined that Hendrix failed to meet each of the prerequisites necessary for issuance of preliminary injunctive relief. *Order of November 6, 2012 - Doc. No. 42* at 2. For the same reasons, issuance of a preliminary injunction is not warranted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on November 5, 2012 be DENIED.[2]

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before November 23, 2012, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit

---

[2]The plaintiff is advised that if he seeks to challenge the constitutionality of the actions referenced in his motion regarding actions taken against him at the J. O. Davis Correctional Facility he may do so by filing a separate 42 U.S.C. § 1983 action with the United States District Court for the Southern District of Alabama.

issued prior to September 30, 1981.

DONE, this 9th day of November, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE